No. 99-030

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 120N

FRANCIS STANG and

DONNA STANG,

Plaintiffs and Respondents,

v.

ANGELA KNAUER,

f/k/a ANGELA P. ALEXANDER,

f/k/a ANGELA P. CANUP,

f/k/a ANGELA PEARL CANUP,

Defendant and Appellant.

No

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Granite,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

For Respondent:

Joseph C. Connors, Jr., Connors Law Firm, Anaconda, Montana

Submitted on Briefs: April 15, 1999

Decided: May 28, 1999

Filed:

_____

No

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. Angela Knauer, f/k/a Angela Alexander, f/k/a Angela P. Canup, f/k/a Angela Pearl Canup (Appellant) appeals from the September 30, 1998 order entered by the Third Judicial District Court, Granite County, granting summary judgment in favor of Francis and Donna Stang (the Stangs). We affirm.

¶3. The sole issue on appeal is whether the District Court erred in determining that the Stangs have a valid mortgage against certain real property owned by Appellant.

¶4. The standard of review in appeals from summary judgment rulings is *de novo*. Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. The parties agree that there exist no genuine issues of material fact and that only an interpretation of law is at issue.

¶5. This suit involves a residence on a tract of land (Tract A) once owned by Appellant and her now ex-husband, Morris Canup (Morris). The marriage of Appellant and Morris was dissolved in April 1993. In that same month, pursuant to the couple's property settlement agreement, Appellant quitclaimed her interest in Tract A to Morris. Although Appellant's name on the title to Tract A was "Angela A. Canup," Appellant signed the quitclaim deed using the name "Angela Pearl Canup." Morris waited more than two years to record the quitclaim deed.

¶6. During this period between transfer of the quitclaim deed and its recording,

Morris borrowed $7000 from the Stangs and placed a mortgage on Tract A as security for the loan. Also during this interim period, Appellant filed suit in District Court to set aside the property settlement agreement she had entered into with Morris on the ground that she had been coerced by Morris into signing it.

¶7. The Stangs recorded their mortgage on February 17, 1995. Morris recorded the quitclaim deed on June 15, 1995. On December 13, 1995, the District Court set aside the property settlement agreement on the basis of fraud, declared the quitclaim deed null and void, and awarded Tract A to Appellant. Appellant then attempted to sell Tract A without satisfying the mortgage. On September 26, 1996, the Stangs brought this action seeking a declaration that their mortgage on Tract A was valid and an injunction restraining Appellant from selling Tract A without satisfying the mortgage. On cross-motions for summary judgment, the court held in favor of the Stangs.

¶8. On appeal, Appellant contends that the mortgage on Tract A executed by Morris is invalid because the quitclaim deed transferring Appellant's interest in Tract A to Morris is invalid. In support of her contention, Appellant cites Hodgkiss v. Northland Petroleum Consol. (1937), 104 Mont. 328, 333, for the rule that "a conveyance to a fictitious person is void for want of proper parties." Appellant notes that the title to Tract A listed "Angela A. Canup" as the legal owner, whereas the quitclaim deed listed "Angela Pearl Canup" as the grantor. Appellant asserts that "Angela Pearl Canup" was a fictitious person and argues that, according to Hodgkiss, the transfer of Tract A from "Angela Pearl Canup" to Morris was void for want of proper parties. We disagree.

¶9. Appellant's reliance on Hodgkiss is misplaced. The Court in Hodgkiss conceded the above quoted rule but added, "[w]here, however, a contract is made with an identified individual under an assumed name, all are bound by the contract." Hodgkiss, 104 Mont. at 333. The Court held:

[A] contract or obligation may be entered into by a person by any name he may choose to assume. All that the law looks to is the identity of the individual, and, when that is ascertained and clearly established, the act will be binding on him and on others.

Hodgkiss, 104 Mont. at 333. The parties do not dispute that the individual who signed the

quitclaim deed was Appellant. Because Appellant's identity was clearly established, we determine that the use of the name "Angela Pearl Canup" instead of the name "Angela A. Canup" did not invalidate the quitclaim deed.

**¶10. Next, Appellant contends that the mortgage on Tract A is invalid because it was recorded before the quitclaim deed was recorded. Again, we disagree. Unrecorded instruments are valid between the parties and those persons who have notice thereof. Section 70-21-102, MCA. We reject Appellant's argument that the Stangs had no notice of Morris' ownership interest in Tract A. The record clearly demonstrates that the Stangs had actual notice of Morris' ownership interest in the property before Morris recorded the quitclaim deed. Further, the mortgage attached and became a valid lien when the quitclaim deed was filed, which occurred before the District Court issued its order finding the quitclaim deed null and void. We determine that the recording of the quitclaim deed after the recording of the mortgage did not affect the validity of the mortgage.**

**¶11. Lastly, Appellant argues that the court erred in applying § 70-20-404, MCA, and holding that the Stangs were encumbrancers in good faith and for value, and that their mortgage was not to be impaired by a fraudulent conveyance. Appellant states that § 70-20-404, MCA, does not apply because no argument was raised concerning whether Appellant and Morris executed the quitclaim deed with an intent to defraud.**

**¶12. First, the fact that the Stangs did not specifically raise the bona fide purchaser doctrine in their complaint is of no consequence. The Stangs prayed for "such other and further relief and declaration of the rights and legal relations of the parties . . . as the court may deem just and proper . . . ." Second, whether Morris had intent to defraud is irrelevant to whether the bona fide purchaser doctrine applies to this case. The bona fide purchaser doctrine expressed in § 70-20-404, MCA, protects grantees who are bona fide purchasers for value. *See* Benson v. Diehl (1987), 228 Mont. 199, 203-04, 745 P.2d 315, 317-18. The bona fide purchaser doctrine expresses the rule that if a person has purchased or encumbranced real property for a valuable consideration, without knowledge of the fraud that had been practiced, and without knowledge of facts or circumstances sufficient to put an ordinarily prudent person upon inquiry as to the manner in which the seller obtained the land, then the purchaser must prevail, and the defrauded party's only remedy is an action against the seller to recover the damage the purchaser has suffered. <u>Benson</u>, 228 Mont. at**

**203-04, 745 P.2d at 317-18.**

**¶13. Upon the facts presented, there is no question that the Stangs were encumbrancers in good faith, did not have notice of the fraudulent quitclaim deed, and gave valuable consideration (the $7000 loan) for the mortgage. Therefore, the protection of § 70-20-404, MCA, applies. Summary judgment for the Stangs was proper.**

**¶14. Affirmed.**

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER